Matter of Jalisa C. (Angela E.) (2022 NY Slip Op 00719)





Matter of Jalisa C. (Angela E.)


2022 NY Slip Op 00719


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Docket No. NN-11381/17 Appeal No. 15202 Case No. 2021-01056 

[*1]In the Matter of Jalisa C., A Child Under the Age of 18 Years, etc., Angela E., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Bruce A. Young, Brooklyn (Bruce A. Young of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Kevin Osowski of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about March 9, 2021, to the extent it brings up for review a fact-finding determination, same court and Judge, which found, after a hearing, that respondent mother had neglected the subject child, unanimously affirmed, without costs.
The record supports Family Court's finding that the mother neglected the child. According to the evidence at the fact-finding hearing, the child told the mother that she feared the mother's boyfriend and did not want to be left in his care because he hit her; the mother also knew that her boyfriend was an alcoholic who drank daily, at times in the child's presence, and suffered from mental health issues. Nevertheless, the mother left the child alone with her boyfriend, who then subjected the child to physical and sexual misconduct (see e.g. Matter of Donell S. [Donell S.], 72 AD3d 1611, 1612 [4th Dept 2010], lv denied 15 NY3d 705 [2010]; Matter of James C., 47 AD3d 712, 712 [2d Dept 2008]).
The mother's own statements establish that, given what she knew about her boyfriend, she acted unreasonably by leaving the child in his care (see Family Ct Act § 1012[f][i][B]; see also Nicholson v Scoppetta, 3 NY3d 357, 371-372 [2004]). Furthermore, Family Court's evaluation of the mother's credibility is entitled to great deference in light of her inconsistent statements about her belief that her boyfriend was an alcoholic (see e.g. Matter of Monique J. v Keith S., 194 AD3d 611, 612 [1st Dept 2021]).
As to the fact-finding determination, Family Court adequately stated the grounds for the neglect determination against the mother — namely, that she failed to protect the child from her boyfriend despite her knowledge that he abused alcohol and that the child was afraid of him, and as a result, the boyfriend had committed physical and sexual misconduct against the child (see Family Ct Act § 1051[a]).
We have considered the mother's remaining contentions and find them unavailing
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022